FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 JUN 13  A 10: 39

CLERK'S OFFICE
AT BALTIMORE

Y_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBORAH K. WOLINSKI | * | |
| | * | |
| v. | * | Civil No. JFM-02-CV-578 |
| | * | |
| JAY LAZRUS, et al. | * | |
| | * | |

\*\*\*\*\*

MEMORANDUM

Plaintiff, Deborah K. Wolinski, has filed a three-count amended complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., by five defendants. For the reasons set forth below, the complaint will be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

I.

Plaintiff, who is acting pro se, initially filed a complaint that sounded in fraud but lacked a clear basis for federal jurisdiction, inasmuch as the citizenship of the parties was not shown to be diverse. See Wolinski v. Lazrus, Civil No. JFM-02-578 (D. Md. April 26, 2002). In responding to motions to dismiss filed by two of the defendants, plaintiff indicated that she had intended the fraud claims to allege violations of RICO. See id. However, because plaintiff had not sufficiently alleged a federal question in her complaint, I ordered her to file an amended complaint by May 13, 2002, or face dismissal of this action. See id. Plaintiff responded by mailing an amended complaint to the court in correspondence postmarked June 1, 2002. Although plaintiff failed to meet the deadline set by this court, I will vacate my earlier order dismissing this action, see Wolinski v. Lazrus, Civil No. JFM-02-578 (D. Md. June 4, 2002), so

1

that I may address the merits of plaintiff's claims.

## II.

Plaintiff alleges that the defendants, three attorneys, an appraiser, and the president of a company called American Medical Capital,[1] illegally acquired control over her and her property through a pattern of racketeering activity that included mail and wire fraud and extortion. Her amended complaint contends that defendants violated two provisions of RICO, 18 U.S.C. §§ 1962(b) and 1962(d).[2]

Civil liability under RICO requires a pattern of racketeering activity. See 18 U.S.C. §§ 1962, 1964. A pattern, in turn, is comprised of at least two predicate acts that are related and pose a threat of continued criminal activity. See GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 549 (4th Cir. 2001); Al-Abood v. El-Shamari, 217 F.3d 225, 238 (4th Cir. 2000). Although mail and wire fraud may constitute predicate acts, the Fourth Circuit has indicated that courts must be "cautious about basing a RICO claim on predicate acts of mail and wire fraud because '[i]t will be the unusual fraud that does not enlist the mails and wires in its service at least twice.'" Al-Abood, 217 F.3d at 238 (citations omitted). Further, the court has noted that

---

[1] Plaintiff's initial complaint listed five defendants, only one of whom is among the five defendants listed on the amended complaint. On June 6, 2002, plaintiff filed a Letter Motion for Entry of Default as to two of those initially named defendants. A review of the court file reveals that neither of those two defendants were served with a copy of the summons and complaint in accordance with Fed.R.Civ.P. 4. Thus, plaintiff's motion will be denied.

[2] Section 1962(b) states: "It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b). Section 1962(d) makes conspiracy in violation of subsections (a), (b), or (c) of the statute unlawful. 18 U.S.C. § 1962(d).

RICO liability should be reserved only for cases that involve "'ongoing unlawful activities'" and that are of a "'scope and persistence [that] pose a special threat to social well-being.'" Id. (quoting Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989)).

This is not such a case. As did Al-Abood, this case alleges a single victim, a narrowly focused scheme, and commonplace predicate acts.[3] See id. The facts in this case simply do not suffice to state a claim under RICO, for they do not allege a pattern of racketeering activity as is required by the statute and Fourth Circuit case law. Rather, the amended complaint alleges – at most – acts of fraud that could be actionable under state law.[4] See, e.g., Anderson v. Found. for Advancement, Educ. and Employment of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998) (finding complaint did not state a claim for civil RICO where RICO claim could not be distinguished from "an ordinary fraud claim better prosecuted under state law"). Accordingly, this action will be dismissed.[5]

Date: Jun 13 2002

J. Frederick Motz
United States District Judge

---

[3] In addition to mail and wire fraud, plaintiff also alleges predicate acts of extortion under 18 U.S.C. § 1951. (See Am. Compl. ¶¶ 18, 22.) However, these allegations are vague and do not transform her complaint into one that adequately alleges racketeering.

[4] Besides failing to allege a pattern of racketeering, the alleged acts of mail and wire fraud in the amended complaint have not been pleaded with particularity, as is required by Fed.R.Civ.P. 9(b). See, e.g., Riley v. Murdock, 828 F. Supp. 1215, 1225 (E.D.N.C. 1993) (dismissing RICO claim that was not pleaded with particularity as to the time and place fraudulent acts occurred, the person or persons involved, or the contents of the fraudulent representations).

[5] Defendant Jay Lazrus has filed a counterclaim against plaintiff that lacks an independent jurisdictional basis that would justify its consideration by this court. If the defendant wishes to pursue this claim, he may file a new action in the appropriate jurisdiction.

3